# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00329-CV

**Park Haven, Inc. d/b/a Park Haven Healthcare Center, Appellant**

**v.**

**Texas Department of Human Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. 99-11139, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

Appellant Park Haven, Inc. d/b/a Park Haven Healthcare Center (APark Haven@) appeals from a district-court judgment upholding a final order of appellee Texas Department of Human Services (ATDHS@). TDHS assessed $98,400 in penalties against Park Haven for violations of TDHS rules. *See* 40 Tex. Admin. Code '' 19.901, .1601(1)(A) (2002) (Tex. Dep=t of Human Servs.).[1] On appeal, Park Haven contends that (1) the agency=s order is not supported by substantial evidence and (2) the agency=s failure to follow a statutory mandate renders an agency rule invalid. Because we agree that there is not substantial evidence in the record to show that TDHS considered Park Haven=s history of compliance in assessing penalties, we will reverse the judgment of the district court and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

---

[1] A previous version of the administrative code was in effect at the time of Park Haven=s administrative hearing. We will cite to the current version of the code for convenience except where the current version deviates substantively from the previous version.

Park Haven is a nursing-home facility located in Bridgeport. Over a period of six days in April 1998, TDHS conducted an inspection and investigation of Park Haven. *See id.* ' 19.2002 (providing for unannounced visit by TDHS survey team Afor the purpose of determining appropriateness of resident care and day-to-day operations@ of facilities). Based on its investigation, TDHS assessed penalties in the amount of $50,400 for quality-of-care violations,[2] *see id.* ' 19.901, and $48,000 for infection-control violations,[3] *see id.* ' 19.1601(1)(A). Generally, a violator is allowed to correct its deficiencies and thus avoid administrative penalties. *See id.* ' 19.2114. TDHS, however, found that there was a serious threat to the health and safety of at least one Park Haven resident, an exception to the correction-and-avoidance rule. *See id.* ' 19.2114(d)(1)(B). Park Haven was thus denied the opportunity to correct the deficiencies and avoid the penalties. Upon receiving notice that TDHS was assessing administrative penalties, Park Haven requested a hearing. *See* 23 Tex. Reg. 4920 (1998), *repealed by* 25 Tex. Reg. 391, *proposed* 24 Tex. Reg. 9977, *adopted* 25 Tex. Reg. 391 (2000) (former 40 Tex. Admin. Code ' 79.1604 (Tex. Dep=t of Human Servs.)).[4]

---

[2] The total amount of penalties under this section was derived by assessing $2,100 per day for the period of April 27 through May 20, 1998. Penalties were assessed for each day from the date of the survey team=s exit until the date the violation was corrected as alleged by the facility=s plan of correction. *See* 23 Tex. Reg. 1314 (1998) (amended 2001) (current version at 40 Tex. Admin. Code ' 19.2112(f) (2002) (Tex. Dep=t of Human Servs.)).

[3] The total amount of penalties under this section was derived by assessing $2,000 per day for the period of April 27 through May 20, 1998. Penalties were assessed for each day from the date of the survey team=s exit until the date the violation was corrected as alleged by the facility=s plan of correction. *See id.*

[4] Sections 79.1601-.1613 were repealed and replaced by new sections 79.1601-.1607, which became effective in January 2000. Before the change, and at the time of the hearing giving rise to this

Following the hearing, a TDHS administrative law judge (AALJ@) issued a final decision and order, including findings of fact and conclusions of law, sustaining the penalties. *See id.* (former ' 79.161(a)-(b), (k)) (final decision must include findings of fact and conclusions of law and ALJ enters all orders necessary to implement final decision). Park Haven unsuccessfully moved for rehearing, then sought judicial review in district court. *See id.* (former ' 79.1613); Tex. Health & Safety Code Ann. ' 242.069(b)(2) (West 2001). The district court upheld TDHS=s decision. Park Haven appeals by four issues: (1) TDHS violated the Administrative Procedure Act by failing to follow the statutory mandate to establish gradations of penalties;[5] (2) no substantial evidence existed to indicate that TDHS followed its own regulations governing determination of administrative penalties; (3) no substantial evidence supported determination of a $2,000 per day fine for alleged violations of section 19.1601; and (4) TDHS=s denial of Park Haven=s right to correct was not supported by substantial evidence.

## DISCUSSION

---

appeal, TDHS=s hearings department heard contested TDHS cases. Since January 2000, those cases are heard by a State Office of Administrative Hearings administrative law judge. *See* 24 Tex. Reg. 9977 (1999).

[5] The health and safety code requires the board to Aestablish gradations of penalties in accordance with the relative seriousness of the violation.@ Tex. Health & Safety Code Ann. ' 242.066(d) (West 2001).

3

By its second issue, Park Haven argues that there was not substantial evidence to support the finding by the ALJ that TDHS had considered mandatory criteria in determining the penalties. A court reviewing a final agency order may not substitute its judgment for that of the agency, but Ashall reverse or remand the case for further proceedings@ if the agency=s order is not supported by substantial evidence, considering the reliable and probative evidence in the record as a whole. Tex. Gov=t Code Ann. ' 2001.174 (West 2000). To ascertain whether an agency=s decision is supported by substantial evidence, we determine whether, in considering the record upon which the decision is based, the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *See Lone Star Salt Water Disposal Co. v. Railroad Comm=n*, 800 S.W.2d 924, 928 (Tex. App.CAustin 1990, no writ). In making such determination, the reviewing court may not substitute its judgment for the agency=s, and must consider only the record upon which the decision is based. *Id.* The evidence in the agency record may actually preponderate against the agency=s decision, but still constitute substantial evidence supporting it. *Id.* The burden is on the complaining party to demonstrate an absence of substantial evidence. *Id.*

4

TDHS=s assessment of an administrative penalty against a nursing facility is a two-step process. TDHS first applies the criteria found in its *rules* to determine whether to assess a penalty for a particular violation. 40 Tex. Admin. Code ' 19.2112(d). If TDHS determines that a penalty should be imposed, it must then apply *statutory* criteria to determine the amount of the penalty to be assessed. Tex. Health & Safety Code Ann. ' 242.066(e).[6] TDHS has by rule established criteria to be used in determining whether to assess an administrative penalty:

(d) In determining whether a violation warrants an administrative penalty, DHS *considers the facility=s history of compliance* and whether:

(1) a pattern or trend of violations exists; or

(2) the violation is recurrent in nature and type; or

(3) the violation presents danger to the health and safety of at least one resident; or

(4) the violation is of a magnitude or nature that constitutes a health and safety hazard having a direct or imminent adverse effect on resident health, safety, or security, or which presents even more serious danger or harm; or

(5) the violation is of a type established elsewhere in DHS=s rules concerning licensing standards for long term care facilities.

---

[6] These criteria are also found in the administrative code. *See* 40 Tex. Admin. Code ' 19.2112(e).

40 Tex. Admin. Code ' 19.2112(d) (emphasis added).[7]

An agency=s reasonable interpretation of its own rules is often entitled to deference by the courts. *See Public Util. Comm=n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *Sharp v. International Bus. Machs. Corp.*, 927 S.W.2d 790, 793 (Tex. App.CAustin 1996, writ denied). The reviewing court determines whether the administrative interpretation Ais plainly erroneous or inconsistent with the regulation.@ *See Gulf States Utils*., 809 S.W.2d at 207 (citing *United States v. Larionoff*, 431 U.S. 864, 872 (1977)). If the agency=s decision is not supported by substantial evidence, it is deemed arbitrary and capricious. *Texas Health Facilities Comm=n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 454 (Tex. 1984).

---

[7] This rule was promulgated under the statutory authority granted TDHS by the health and safety code. *See* Tex. Health & Safety Code Ann. ' 242.001.

The first factor to be considered by TDHS in assessing an administrative penalty is the Afacility=s history of compliance.@ A plain reading of the rule suggests that this is a threshold factor. To demonstrate that it considered Park Haven=s compliance history, TDHS sought to introduce, before the ALJ, evidence in the form of OSCAR[8] reports. However, the ALJ excluded the evidence because TDHS had not produced underlying surveys and reports that corresponded to the OSCAR summaries in response to a Park Haven discovery request. TDHS argues that there was still evidence in the form of Anon-specific testimony@ to support the ALJ=s findings and cites the testimony of one of its employees involved in the Park Haven investigation:

> Q: [W]hat are some of the documents that the enforcement committee relies on when they are reviewing a survey?
>
> A: Well we are presented with a three-year history of visits and then a two-year history of punitive actions against the facility. And then this is read to us by the program manager. The whole 2567 is read to us by the program manager.

This testimony is no more than a general description of what *usually* occurs in the assessment process. It does not demonstrate whether the procedure was followed in Park Haven=s case. This is the only testimony to which TDHS points in support of its contention that evidence of Park Haven=s history of compliance was before the ALJ. A review of the administrative record reveals no other testimony or evidence that could

---

[8] OSCAR is an acronym for AOnline Survey Certification and Reporting@ system. It is a federal online database containing certification and survey data concerning Medicaid-certified nursing-home facilities. It includes any deficiencies that have been cited against a facility.

have enabled the ALJ, as fact finder, to determine that Park Haven=s history of compliance was considered in assessing the administrative penalties. Park Haven has met its burden in demonstrating the absence of substantial evidence on the threshold issue of Park Haven=s history of compliance. Therefore, we hold that the ALJ=s order was arbitrary and capricious and that the district court erred in upholding the ALJ=s order. We sustain Park Haven=s second issue.

Because we hold that there was not substantial evidence to show that TDHS properly assessed penalties against Park Haven, we need not consider Park Haven=s other issues. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We reverse the district-court judgment upholding TDHS=s decision and remand to the district court with instructions that this cause be remanded to TDHS for further proceedings not inconsistent with this opinion.

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: June 13, 2002

Publish

8